# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1387-JAR |
| ) | |
| EMERSON ELECTRIC CO. and ) | |
| VERDANT ENVIRONMENTAL ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend its complaint and Defendants' motion to stay the case pending *inter partes* review of Plaintiff's patent claims by the U.S. Patent and Trademark Office. The Court will grant both motions and stay the case.

## BACKGROUND

Plaintiff Ollnova Technologies is an Irish limited liability company and the owner of two thermostat patents at issue in this patent infringement action. The first, U.S. Patent No. 8,224,282 (the '282 patent), claims a method and device to manage power utilization of wireless multi-sensor devices. The second, U.S. Patent No. 7,746,887 (the '887 patent) claims dynamic value reporting for wireless automated systems. In lay terms, as the Court understands it, these patents claim certain innovations with respect to "smart" thermostats that can interact with other devices on a wireless network while conserving power and bandwidth by limiting communications to certain sensor-identified criteria.

In April 2022, Plaintiff filed a complaint against Defendants Emerson Electric, a Missouri corporation, and its Canadian subsidiary Verdant Environmental Technologies, asserting that

Defendants' thermostats infringe several claims of Plaintiff's '282 and '887 patents. The case was originally filed in the Western District of Texas based on Emerson's business presence there. In June 2022, Plaintiff agreed to dismiss without prejudice its claims of pre- and post-suit indirect infringement of claims 20 and 21 of the '282 patent.[1] Plaintiff served its preliminary infringement contentions in July 2022. Defendants served their preliminary invalidity contentions in September 2022. Plaintiff amended its infringement contentions in October 2022, and Defendants amended their invalidity contentions in January 2023.

The case was transferred to this Court in December 2022. A claim construction hearing was set for April 13, 2023, and the trial is scheduled for September 9, 2024. Fact discovery began in January 2023. In February 2023, Plaintiff filed a motion to amend its complaint to re-instate its claims for post-suit indirect infringement as to claims 20 and 21 of the '282 patent. In March 2023, Defendants filed petitions for *inter partes* review (IPR) of Plaintiff's claims by the U.S. Patent and Trademark Office (PTO) and concurrently filed a motion asking this Court to stay the case pending the outcome of IPR.

## DISCUSSION

Congress created IPR proceedings as part of the America Invents Act to convert *inter partes* reexamination from an examinational to an adjudicative proceeding. *Masa LLC v. Apple Inc.*, 4:15-CV-00889-AGF, 2016 WL 2622395, at *2 (E.D. Mo. May 9, 2016) (citing 35 U.S.C. §§ 311-319). The new process offers a timely, cost-effective alternative to litigation, designed to produce a more efficient and streamlined patent system that improves patent quality and limits

---

[1] Claim 20 describes the power-saving method involving the scanning of sensor data, identification of changed values, and communication between components. Dependent claim 21 describes the method of claim 20 with a threshold function for identifying changed sensor values. (Doc. 36-4 at p. 15).

unnecessary and counterproductive litigation costs. *Id*. (citing *Intellectual Ventures II LLC v. U.S. Bancorp*, CIV. 13-2071 ADM/JSM, 2014 WL 5369386, at *3 (D. Minn. Aug. 7, 2014))

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). This includes the court's discretion to stay a case pending IPR at the request of the defendant. *Id*. In determining whether to grant a stay in this context, courts consider (1) whether discovery is complete and a trial date has been set; (2) whether a stay of litigation will simplify the issues and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party. *Masa*, 2016 WL 2622395, at *2.

In support of their motion to stay, Defendants argue that (1) the case is in its early stages, with depositions and expert discovery yet to occur; (2) the IPR process could narrow or reduce the issues to simplify and streamline the case for trial; and (3) a stay would not prejudice Plaintiff insofar as Plaintiff is a non-practicing entity seeking only monetary relief. Plaintiff objects on several grounds: (1) the parties have already engaged in significant document discovery, and claim construction in the Western District of Texas was initially anticipated in January 2023; (2) Defendants are dilatory in seeking IPR eight months after they had notice of Plaintiff's contentions; (3) a stay is premature and speculative insofar as the Patent Trial and Appeal Board (PTAB) has not yet decided whether to institute IPR on the subject patents; (4) Defendants have not identified any terms for claim construction by the PTAB; (5) IPR is unlikely to simplify the issues with respect to Defendants' defenses; and (6) Plaintiff will suffer prejudice due to the protracted timeline, during which the uncertainty will impact its licensee relationships.

In reply, Defendants cite numerous cases in this district and others where courts have granted stays for IPR, even before the PTAB decided to institute the process. *ZeaVision, LLC v. Bausch & Lomb Inc.*, 4:21 CV 739 RWS, 2022 WL 715013, at *2 (E.D. Mo. Mar. 10, 2022); *Lineweight LLC v. Firstspear, LLC*, 4:18-CV-00387-JAR, 2019 WL 4015824, at *1 (E.D. Mo. Aug. 26, 2019); *Masa*, 2016 WL 2622395, at *1; *Scramoge Tech., Ltd. v. Volkswagen Group of Am., Inc.*, 22-CV-10730, 2022 WL 17616451, at *3 (E.D. Mich. Dec. 12, 2022); *NST Glob., LLC v. SIG Sauer Inc.*, 19-CV-792-PB, 2020 WL 1429643, at *4 (D.N.H. Mar. 24, 2020); *Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, 17 C 7576, 2018 WL 11189348, at *2 (N.D. Ill. Nov. 26, 2018).

Based on this precedent, the Court agrees that the motion is not premature. The Court further concludes that a stay is appropriate here. The PTAB will decide whether to institute IPR within six months. Discovery has just begun, and no depositions have been taken. If the PTAB declines review, no resources will be saved but neither will any have been wasted, and the case remains the same. *Lineweight*, 2019 WL 4015824, at *2 (granting a stay after the *Markman* hearing but before a ruling).

Plaintiff's assertions that IPR is unlikely to inform claim construction or narrow the issues are unpersuasive. If the PTAB institutes review and invalidates some claims, such a partial ruling could narrow the scope of discovery and limit the issues before the Court. If the PTAB invalidates all claims, then the case is moot. And if all claims survive, Defendants will be subject to estoppel on any grounds raised during IPR, and the Court may benefit from the expertise of the PTO in clarifying the claims before it. *Masa*, 2016 WL 2622395 at *3.

Further, the delay is insufficient to establish *undue* prejudice and, in the Court's estimation, is outweighed by the potential benefit of streamlining the issues. *Id*. The Court finds no dilatory motive in the timing of Defendants' motion, particularly given the initiation of the case in Texas

and subsequent transfer to this Court necessitating changes to the case management schedule. In the interests of judicial economy, the Court finds it appropriate to stay the case pending IPR.

Finally, Plaintiff seeks leave to amend its complaint to reinstate its claims with respect to post-suit indirect infringement of claims 20 and 21 of the '282 patent. Defendants object, primarily on the basis of futility. Given that Defendants' IPR petitions include these claims, the Court finds it appropriate to allow Plaintiff to amend its complaint accordingly. Defendants cannot demonstrate prejudice for the same reasons discussed above as to Plaintiff. The case is in early stages, and the IPR process may inform or resolve the issues.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend its complaint is **GRANTED**. (Doc. 68). The Clerk of the Court is directed to detach the amended complaint (Doc. 68-2).

**IT IS FURTHER ORDERED** that Defendants' motion to stay the case is **GRANTED**. (Doc. 70). The Markman hearing set for April 13, 2023, and all deadlines in the case are **VACATED**, and this case is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that, within ten days following the conclusion of *inter partes* review by the U.S. Patent and Trademark Office, the parties shall file, either jointly or separately, a motion to lift the stay along with a proposed schedule for further proceedings or, alternatively, a status report or motion for other relief as may be appropriate at that time.

Dated this 5th day of April, 2023.

*[signature]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE